# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA
# NORTHWESTERN DIVISION

| | |
|---|---|
| Unites States of America for the use and benefit of TEK Industries, LLC, | )<br>)<br>) |
| Plaintiff, | ) **ORDER FOR FINAL PRETRIAL**<br>) **CONFERENCE**<br>) |
| vs. | )<br>) |
| Smith-Root, Inc.; Developers Surety and Indemnity Company and Insco Insurance Services, Inc., | )<br>)<br>) Case No. 4:08-cv-037 |
| Defendants. | )<br>) |

**IT IS ORDERED:**

A final pretrial conference will be held before the magistrate judge on September 22, 2009, at 10:00 a.m. The conference will be conducted via telephone conference call to be initiated by the court.

## PRIOR TO PRETRIAL

Prior to the date of the final pretrial conference, counsel shall confer in person or by telephone for the purpose of preparing a joint Final Pretrial Statement and examining and marking exhibits as detailed below. Within two days of the Final Pretrial Conference, counsel shall email the following documents in "Wordperfect" or "Word" format to <ndd_J-Miller@ndd.uscourts.gov>

    (1)    Final Pretrial Statement;

    (2)    Exhibit List for each party; and

    (3)    Expert Reports

**Final Pretrial Statement**:  Counsel will jointly prepare for presentation to the court at pretrial a Final Pretrial Statement in substantially the same form as the sample posted on the court's website at: <www.ndd.uscourts.gov/forms.html> Rule 26(a)(3) disclosures shall be incorporated in the Final Pretrial Statement.

Counsel are not <u>required</u> to stipulate or waive anything.  They are required to <u>confer in advance</u> of the conference and prepare and joint Final Pretrial Statement covering the matters set out in this order for pretrial conference for presentation to the court at the final pretrial conference.

The Final Pretrial Statement must be completed and signed by all counsel, signifying acceptance.  The court will enter an order following the conference accepting or modifying its terms.

**Exhibits**:  Counsel are directed to complete the physical marking and numbering of all papers and objects expected to be introduced as exhibits.  The exhibits are to be marked with an exhibit sticker.  All exhibits in the case are to be numbered consecutively using a "P" for plaintiff and "D" for defendant (for example P1-P20, D31-D40, leaving a sufficient gap for unanticipated or rebuttal exhibits ), and listed in the form of the sample form posted on the court's website at: <www.ndd.uscourts.gov/forms.html>.  Counsel will retain the exhibits in their possession but shall submit the list with the Final Pretrial Statement as a separate document.  Counsel must disclose and list all exhibits relating to an issue on which their client has the burden of proof or the burden of going forward with the evidence.  Each listed exhibit shall be designated as "will offer" or "may offer."  Documents to be used solely for rebuttal purposes need not be numbered or listed until identified at trial.

Failure to list an exhibit required by this order to be listed or to disclose such exhibit to adverse counsel will result, except upon a showing of good cause, in the nonadmissibility of the exhibit into evidence at the trial.  Each party shall make its exhibits available for inspection by other parties prior to the pretrial conference.

For each listed exhibit, counsel shall determine whether they will stipulate to admissibility for all purposes or at least waive foundation for the opposing party's exhibits.  The court strongly encourages such agreement and expects counsel to waive foundation, unless there is a strong, specific objection to a particular exhibit.  Any stipulation to admissibility or waiver of foundation shall be indicated in the appropriate column on the exhibit list.

The non-offering party shall list in the final pretrial statement any objections to admissibility of exhibits by the offering party.  Objections not so disclosed (other than objections under Federal Rules of Evidence 402 and 403) shall be deemed waived unless excused by the court for good cause shown.  See Fed. R. Civ. P. 26(a)(3).

Expert Reports:  Copies of expert reports prepared in accordance with Rule 26(a)(2)(B) by those experts the parties anticipate calling as witnesses shall be electronically submitted to as a separate document to: <ndd_J-Miller@ndd.uscourts.gov>

## **FOLLOWING PRETRIAL AND PRIOR TO TRIAL**

**Trial Memorandum**:  Counsel for the respective parties shall file a trial memorandum with proof of service upon opposing counsel with the clerk, for presentment to the court, at least five (5) working days before the commencement of  trial.  The trial memorandum shall contain: A general statement of the case, citation of the authority upon which the party relies on

unresolved legal issues, a general statement of the evidence to be offered, and a statement of any evidentiary or procedural problem expected to arise, with citations of authority.

**Depositions**:  At least 14 days before trial the offering party shall file and serve a designation of those portions of any depositions which <u>will</u> be presented at trial, and the manner in which each of those depositions was recorded.  A transcript of the pertinent portions of any deposition not stenographically recorded shall accompany the designation.  The other parties shall have until 7 days before trial to designate additional portions of any deposition appearing on the offering party's list.

Any party who objects to admissibility of deposition testimony to be offered shall have until 4 days prior to trial to file a list of objections it intends to preserve.  All other objections will be deemed waived.  Counsel shall then confer prior to commencement of the trial to edit the depositions.

As to any deposition which <u>may</u> be used only if the need arises (other than solely for impeachment purposes), the offering party shall notify the court and other parties at least 48 hours in advance that it <u>will</u> be offering the deposition at trial, and identify the portions to be offered.  The other parties shall then have 24 hours to identify additional portions and to preserve any objections to admissibility of the deposition testimony.  Objections not specifically preserved will be deemed waived.  Counsel shall then confer prior to the offering of the deposition to edit the testimony.

**Jury Instructions**:  In jury cases, an <u>agreed upon</u> set of jury instructions and verdict form shall be submitted to the court seven (7) working days prior to trial.  The original shall be filed with the clerk and **a copy in "WordPerfect 10" format e-mailed to the trial judge at:**

<ndd_J-Hovland@ndd.uscourts.gov>  A party requesting an instruction upon which counsel cannot agree should file with the clerk and e-mail that instruction along with a statement of authority to the trial judge. Counsel retains the right to supplement requests for instructions during the course of the trial, or at the conclusion of the evidence, on matters that cannot reasonably be anticipated.

**Motions in Limine**:  Motions in limine shall be filed at least thirty (30) days prior to trial unless otherwise instructed by the court.

**Failure to Appear/Comply**:  Failure of counsel to appear at any scheduled final pretrial conference, or otherwise to comply with the provisions of this order, may result in dismissal or default, as may be appropriate.

Dated this 30th day of May, 2008.

*/s/ Charles S. Miller, Jr.*
Charles S. Miller, Jr.
United States Magistrate Judge